UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                      :

ZAUR MAMEDOV and BAKHRIYA AGAYEVA,     :     20-CV-1063 (ARR)
                      :

             *Plaintiffs*,        :
                      :

    -against-                :     **OPINION & ORDER**
                      :

WILLIAM P. BARR, Attorney General *et al.*,     :
                      :

            *Defendants*.      :
                      :
------------------------------------------------------------------- X

ROSS, United States District Judge:

       The government moves to dismiss this Administrative Procedure Act ("APA") challenge to the denial of an I-130 petition for failure to state a claim. Gov't's Mot. Dismiss 8–15 ("Gov't's Mot."), ECF No. 12-1. Though styled only as a motion to dismiss under Federal Rule of Procedure 12(b)(6), the government's motion also raises a jurisdictional argument that plaintiffs' claims are moot, which I address under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs Zaur Mamedov and Bakhriya Agayeva oppose, arguing that their claims are not moot and that they have plausibly pleaded that the agency's denial was arbitrary and capricious and violated their procedural due process rights. Pls.' Opp'n 5–10, ECF No. 15. For the following reasons, I deny the government's motion as to plaintiffs' arbitrary-and-capricious claim and grant the government's motion as to plaintiffs' constitutional claims.

## LEGAL BACKGROUND

       Certain "immediate relatives" of U.S. citizens, including spouses, qualify for immigrant visas to the United States by virtue of their family relationships. 8 U.S.C. § 1151(b). These visas are attractive to applicants because no numerical limitations constrain the total number of visas

given to these types of relatives. *Id.* An I-130 petition "is the first step in helping an eligible [immediate] relative apply to immigrate to the United States and get [a] Green Card." *I-130, Petition for Alien Relative*, U.S. Citizenship & Immigr. Servs. ("USCIS"), https://www.uscis.gov/i-130 (last updated Feb. 19, 2021) ("USCIS I-130 Webpage").[1] A U.S. citizen submits an I-130 petition to USCIS on behalf of a relative, who is considered the beneficiary. *See* 8 U.S.C. § 1153(d). The agency then assesses whether the beneficiary qualifies as an "immediate relative" under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1154(a)(1). If so, USCIS "shall . . . approve the petition." 8 U.S.C. § 1154(b). "USCIS's approval of a petition does not automatically cause the agency to issue a visa or grant permanent lawful resident status to the beneficiary; instead, the beneficiary receives a place in line to wait for a visa." *Li v. Renaud*, 654 F.3d 376, 378 (2d Cir. 2011); *see also* USCIS I-130 Webpage ("The filing or approval of [an I-130] petition does not give [the beneficiary] any immigration status or benefit."). The decision of whether to grant or deny an immigrant visa occurs later, and the process is different depending on the beneficiary's preexisting immigration status. *See* USCIS I-130 Webpage.

If USCIS denies an I-130 petition, the applicant may appeal this decision to the Board of Immigration Appeals ("BIA") within the Department of Justice. *See* 8 C.F.R. §§ 103.3(a)(1)(ii), 1003.1(a)(1), 1003.1(b)(5). The BIA reviews USCIS's decision *de novo*. 8 C.F.R. § 1003.l(d)(3)(iii).

One reason USCIS may deny an I-130 petition is if it finds that the beneficiary has engaged in marriage fraud. INA § 204(c) provides that:

> no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as

---

[1] "Courts routinely take judicial notice" of "documents retrieved from official government websites." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).

the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c).

## FACTUAL BACKGROUND

Plaintiffs challenge the denial of an I-130 petition submitted by plaintiff Bakhriya Agayeva on behalf of her husband, plaintiff Zaur Mamedov. Compl. ¶¶ 2, 7, ECF No. 1. USCIS denied Ms. Agayeva's I-130 petition for Mr. Mamedov on October 3, 2013, and the BIA affirmed the denial on May 15, 2015. *See* BIA Decision 1, Compl. Ex. A. In adjudicating the appeal, the BIA reviewed "the record of proceedings, including the decision of the Director, the May 14, 2013, Notice of Intent to Deny (NOID) [Ms. Agayeva's I-130 petition], [Ms. Agayeva]'s response to the NOID, and [Ms. Agayeva]'s contentions on appeal." *Id.*

The BIA noted that, in denying the petition, USCIS had found that Mr. Mamedov's previous marriage to Karen Anne Joyce "was entered into for the purpose of evading the immigration laws and, consequently, came within the purview of section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c)." *Id.* The BIA recounted that Ms. Joyce had filed an I-130 petition for Mr. Mamedov on July 9, 2003, but on December 18, 2006, she signed a sworn statement that "she entered into the marriage with the beneficiary to 'help him get his green card and become a U.S. citizen,' [and] that he offered to pay her $5000 that she expected to receive 'when everything was approved.'" *Id.* Ms. Agayeva had argued that a recantation statement Ms. Joyce gave in 2012, along with further "evidence of the bona fides of the marriage," proves that § 204(c) should not bar approval of her I-130 petition for Mr. Mamedov. *Id.* at 1–2. But the BIA found this evidence was insufficient "to overcome Ms. Joyce's detailed statement made

3

contemporaneous to the interview on her petition." *Id.* at 2. The BIA also examined tax returns, a joint business license, and two letters from Mr. Mamedov's friends in reaching this conclusion. *Id.* at 1–2.

While not mentioned in the complaint or the BIA decision, the government submits that USCIS determined that Mr. Mamedov's marriage to Ms. Joyce was fraudulent in denying Ms. Agayeva's first I-130 petition on Mr. Mamedov's behalf in 2010. *See* 2010 USCIS Denial 2–3, Price Decl. Ex. B, ECF No. 12-4. Ms. Agayeva appealed that decision but later withdrew the appeal, and the BIA dismissed it on April 23, 2012. *See* 2010 Appeal Notice, Price Decl. Ex. C, ECF No. 12-5; 2010 Withdrawal, Price Decl. Ex. D, ECF No. 12-6; 2012 Appeal Dismissal, Price Decl. Ex. E, ECF No. 12-7.

Plaintiffs filed their complaint on February 26, 2020. *See* Compl. The government filed the instant motion to dismiss on December 21, 2020. Gov't Mot. Plaintiffs filed their opposition on January 11, 2021, Pls.' Opp'n, and the government filed its reply on January 15, 2021, Gov't's Reply, ECF No. 16.

## LEGAL STANDARD

In reviewing a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), I must "accept[] as true all material [factual] allegations of the complaint" and "draw[] all reasonable inferences in favor of the plaintiff," but I also may consider evidence outside the pleadings submitted by either party. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)).

In reviewing a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), I must "constru[e] [it] liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Bacon v. Phelps*, 961 F.3d 533, 540

(2d Cir. 2020) (citation omitted). I may consider only those "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

### I.   Plaintiffs' Claims Are Not Moot.

The government argues that plaintiffs' claims are moot because USCIS's 2010 determination that Mr. Mamedov's marriage to Ms. Joyce was fraudulent triggered a permanent bar under INA § 204(c) such that the agency can never grant a subsequent I-130 petition for Mr. Mamedov.[2] Gov't's Mot. 14–15. "When a case becomes moot, the federal courts lack[] subject matter jurisdiction over the action." *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (citation and quotation marks omitted). Accordingly, courts evaluate mootness on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). A case is moot when "it is impossible for the court to grant *any* effectual relief whatever to a prevailing party." *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (citation and quotation marks omitted).

Here, plaintiffs seek an order either remanding the I-130 decision to the agency or granting

---

[2] Even though the 2010 USCIS determination does not appear on the face of the complaint, I unquestionably can consider this document in evaluating jurisdiction under Rule 12(b)(1). *See Carter*, 822 F.3d at 56–57.

the petition. Compl. ¶ 18. In general, I have the power to issue either order. *See, e.g.*, *Simko v. BIA*, 156 F. Supp. 3d 300, 317 (D. Conn. 2015). USCIS's 2010 determination that Mr. Mamedov's marriage to Ms. Joyce was fraudulent does not change that. The BIA has held that in analyzing whether § 204(c) precludes granting a particular visa petition, USCIS "should not give conclusive effect to determinations made in a prior proceeding, but, rather, should reach [its] own independent conclusion based on the evidence before [it.]." *Matter of Pak*, 28 I. & N. Dec. 113, 117 (BIA 2020) (quoting *Matter of Tawfik*, 20 I. & N. Dec. 166, 168 (BIA 1990)). Accordingly, "the approvability of the subsequent visa petition will depend on a determination of whether there is, at present, sufficient evidence, inclusive of evidence relied upon in the determination of the first visa petition, to support the contention that the beneficiary's previous marriage to a United States citizen was entered into for purposes of evading the immigration laws." *Id.* at 117–18 (citation and quotation marks omitted); *see also Singh v. United States*, No. 20-CV-799 (PAB), 2021 WL 229963, at *9 (N.D. Ohio Jan. 22, 2021).[3] Therefore, if I remand Ms. Agayeva's I-130 petition, USCIS would be required to independently assess the applicability of § 204(c) based on the full evidentiary record. Through that process, the agency could find that Mr. Mamedov never engaged in marriage fraud and grant Ms. Agayeva's petition on that basis. Thus, I could grant effectual relief in this case, and the government's mootness argument fails.

---

[3] The two cases the government cites are unpersuasive. First, the court in *Ruiz v. Dep't of Homeland Sec.* did not rely on USCIS's previous marriage-fraud determination in dismissing the plaintiffs' appeal of a subsequent I-130 petition but instead reviewed the entire administrative record. No. 09-CV-95 (CFD), 2010 WL 3257641, at *4 (D. Conn. Aug. 16, 2010). Second, in *Samsundar v. Mukasey*, a nonprecedential summary order, the Second Circuit held that it needed not remand the appellant's case for consideration of her appeal of the revocation of an I-130 form upon which she sought to adjust her status because an immigration judge found, and the BIA affirmed, that she had entered into a fraudulent marriage. 296 F. App'x 106, 107 (2d Cir. 2008). But the court did not state whether the plaintiff had raised new evidence in her I-130 petition that could have called into question the immigration judge's determination on marriage fraud.

II.     **Plaintiffs Have Stated an Arbitrary-and-Capricious Claim Under the APA.**

In addition to mootness, the government argues that collateral estoppel bars plaintiffs' arbitrary-and-capricious claim challenging the 2015 BIA decision because USCIS's 2010 determination that Mr. Mamedov's marriage to Ms. Joyce was fraudulent has preclusive effect. Gov't's Mot. 8–11. Plaintiffs counter that USCIS's 2010 denial is outside the scope of my review because the BIA did not rely on it in the 2015 decision under review, and that in any event, collateral estoppel does not apply. Pls.' Opp'n 5–6.

The APA requires agencies to engage in "reasoned decisionmaking," *Michigan v. EPA*, 576 U.S. 743, 750 (2015) (citation omitted), and directs that a "reviewing court shall . . . set aside" final agency actions that are "arbitrary" or "capricious," 5 U.S.C. §§ 704, 706(2)(A). In applying this standard, "a court is not to substitute its judgment for that of the agency." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (citation omitted). Rather, a court "must judge the propriety" of agency action "solely by the grounds invoked by the agency," *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), and supported by the "facts . . . before the agency at the time it acted," *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (noting that "the focal point for [APA] review should be the administrative record already in existence, not some new record made initially in the reviewing court"). In other words, "courts may not accept . . . counsel's *post hoc* rationalizations for agency action." *State Farm*, 463 U.S. at 50.

Plaintiffs' arbitrary-and-capricious claim pertains only to the 2015 BIA decision affirming

USCIS's 2013 denial of Ms. Agayeva's I-130 petition for Mr. Mamedov. Compl. ¶¶ 7–8. The administrative record has yet to be produced, but in its 2015 decision, the BIA stated that it found Mr. Mamedov's previous marriage to Ms. Joyce to be fraudulent based on Ms. Joyce's 2005 sworn statement, Ms. Joyce's 2012 recantation, tax returns, a joint business license, and two letters from Mr. Mamedov's friends. BIA Decision 1–2. The government does not argue that the BIA's decision was reasonable based on this record. It instead justifies the agency's decision only on the ground that USCIS's 2010 denial of Ms. Agayeva's first I-130 petition for Mr. Mamedov has preclusive effect. This is an impermissible "*post hoc* rationalization[]." *State Farm*, 463 U.S. at 50. The BIA did not deny Ms. Agayeva's 2013 I-130 petition because of USCIS's 2010 denial, nor did it even mention that denial in its 2015 decision under review. Therefore, regardless of whether the BIA could have relied on collateral estoppel to justify its 2015 decision, I "may not accept" the government's argument as a basis for dismissing plaintiffs' arbitrary-and-capricious claim because it was not one of the agency's stated reasons for doing so.[4] *Id.*; *Chenery*, 332 U.S. at 196.

### III.   Plaintiffs Have Failed to State a Procedural Due Process Claim.

Plaintiffs assert an as-applied constitutional claim that "[t]he determination that Zaur Mamedov's marriage to Karen Anne Joyce was solely for immigration purposes violated applicable law and the due process clause of the Fifth Amendment in not providing Mr. Mamedov with meaningful access to assertedly derogatory information and in not affording him with a trial type hearing before a neutral adjudicator on the issue of the bona fides of his marriage to Karen

---

[4] Because the government's argument based on the 2010 denial and related documents is foreclosed as a *post hoc* rationalization, I need not decide whether these documents are integral to the complaint such that I can consider their contents on a Rule 12(b)(6) motion.

Anne Joyce."[5] Compl. ¶¶ 16, 18. The government argues that this claim must be dismissed because plaintiffs have not pleaded sufficient facts and in any event they failed to allege a protected liberty interest or to provide a "statutory or other basis for any alleged right" to a "trial type hearing before a neutral adjudicator."[6] Gov't's Mot. 12. Plaintiffs contend that they have a property interest in the grant of an I-130 petition, which entitles them to due process protections. Pls.' Opp'n 8–10.

I need not determine whether plaintiffs have a property interest in an I-130 grant because regardless, they have failed to plead sufficient facts regarding the process they did receive. While USCIS was required by regulation to disclose to plaintiffs all evidence on which it evaluated marriage fraud, 8 C.F.R. § 103.2(b)(16)(ii), plaintiffs have not alleged that they lacked access to any particular evidence. Nor did plaintiffs describe the process they received from the agency in reviewing their I-130 petition beyond stating that they filed such a petition with USCIS and appealed the denial to the BIA. Compl. ¶ 7. Plaintiffs claim their due process rights were violated because they did not receive a "trial type hearing before a neutral decisionmaker," but I cannot evaluate the plausibility of this claim without a description of the process they actually received. *See, e.g.*, *Zizi v. Bausman*, 306 F. Supp. 3d 697, 708–09 (E.D. Pa. 2018) (evaluating due process challenge to I-130 procedures based on process actually received), *aff'd sub nom. Zizi v. Field Office Dir.*, 753 F. App'x 116 (3d Cir. 2019).

---

[5] Plaintiffs agreed to withdraw their Eighth Amendment claim. Pls.' Opp'n 7. To the extent plaintiffs also pleaded a facial constitutional challenge to INA § 204(c), they appear to have abandoned it because they did not respond to the government's arguments challenging it in their opposition. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").

[6] The government's argument that plaintiffs' due process claims are untimely fails because plaintiffs only challenge the 2015 BIA decision. Pls.' Opp'n 7; *see Sai Kwan Wong v. Doar*, 571 F.3d 247, 263 (2d Cir. 2009) (noting six-year statute of limitations applies to the APA).

Thus, I grant the government's motion to dismiss plaintiffs' constitutional claims without prejudice.

## CONCLUSION

For the foregoing reasons, I deny the government's motion to dismiss plaintiffs' arbitrary-and-capricious claim, and I grant the government's motion to dismiss plaintiffs' constitutional claims.


SO ORDERED.


_____/s/_____
Allyne R. Ross
United States District Judge


Dated:          March 1, 2021
                Brooklyn, New York