```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ZAUR MAMEDOV (A076891573) and                                     :
BAKHRIYA AGAYEVA,                                                 :
                                                                  :
                        Plaintiffs,                               :
                                                                  :
       -against-                                                  :   20-CV-1063 (ARR) (RML)
                                                                  :
MERRICK GARLAND, Attorney General;                                :   OPINION & ORDER
UR M. JADDOU, Director, United States                             :
Citizenship & Immigration Services; and                           :
UNITED STATES CITIZENSHIP AND                                     :
IMMIGRATION SERVICES                                              :
                                                                  :
                        Defendants.                               :
                                                                  :
----------------------------------------------------------------- X
```

ROSS, United States District Judge:

In this case concerning the denial of a Form I-130 Petition for Alien Relative ("I-130 petition" or "petition"), defendants Merrick Garland, Ur M. Jaddou, and United States Citizenship and Immigration Services ("USCIS") (collectively "defendants" or "the government") move for partial reconsideration of my March 27, 2023 Opinion and Order granting defendants' motion to dismiss. *See* Op. & Order, ECF No. 47; *Mamedov v. Garland*, No. 20-CV-1063 (ARR), 2023 WL 2652266 (Mar. 27, 2023) ("*Mamedov III*"). In that decision, I held that plaintiffs have a protected interest in the grant of an I-130 petition but that they failed to allege a due process violation. Defendants move for reconsideration of the first portion of the opinion. In light of defendants' apparent confusion and in the interest of prudence, the motion for reconsideration is granted in part. The prior opinion is vacated. A revised opinion will issue in short order.

## BACKGROUND

I have detailed the facts underlying this case in three prior opinions, familiarity with which is assumed. *See Mamedov v. Barr*, No. 20-CV-1063 (ARR), 2021 WL 781743, at *2 (E.D.N.Y. Mar. 1, 2021) ("*Mamedov I*"); *Mamedov v. Garland*, No. 20-CV-1063 (ARR), 2022 WL 426155, at *1–3 (E.D.N.Y. Feb. 11, 2022) ("*Mamedov II*"); *Mamedov III*, 2023 WL 2652266. For the purpose of the present reconsideration motion, I recount only the basic factual and procedural background.

On February 9, 2007, Zaur Mamedov, a native and citizen of Azerbaijan, married Bakhriya Agayeva, a naturalized U.S. citizen. Certified Record of Proceedings ("R.") 282, ECF Nos. 18–23; Second Amended Complaint ("SAC") ¶¶ 2, 11, ECF No. 37. On January 12, 2011, Ms. Agayeva filed an I-130 petition to classify Mr. Mamedov as her "immediate relative" under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1154(a)(1); SAC ¶ 13. The INA mandates the following procedures for consideration and approval of an I-130 petition: "After an investigation of the facts in each case, . . . the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative[,] . . . approve the petition . . . ." 8 U.S.C. § 1154(b) (emphasis added). On October 3, 2012, USCIS denied the I-130 petition pursuant to 8 U.S.C. § 1154(c), which precludes approval of a petition upon a finding of past marriage fraud. R. 123–24.

After the Board of Immigration Appeals ("BIA") affirmed, SAC ¶ 16, plaintiffs filed the present suit. Plaintiffs' complaint asserted that defendants violated plaintiffs' procedural due process rights by (1) denying the I-130 petition on the basis of a coerced statement; (2) not affording plaintiffs a trial type hearing; and (3) failing to address plaintiffs' arguments in the BIA's opinion affirming the petition denial. SAC ¶¶ 19–21.

Defendants filed a Rule 12(b)(6) motion to dismiss plaintiffs' amended complaint. The two issues presented by the motion were: (1) whether plaintiffs had a protected interest in an I-130 petition, and if so, (2) whether the process they received in the I-130 adjudication was constitutionally sufficient. I held that plaintiffs have a protected interest in the petition but failed to plead facts sufficient to support a procedural due process claim. The protected-interest holding principally relied on non-binding but persuasive opinions from the Ninth Circuit and the District Court for the Western District of New York holding that the non-discretionary language of § 1154(b) creates a constitutionally protected property interest. *Mamedov III*, 2023 WL 2652266, at *4–6; *see Ching v. Mayorkas*, 725 F.3d 1149, 1155–56 (9th Cir. 2013); *Caplash v. Johnson*, 230 F. Supp. 3d 128, 138–39 (W.D.N.Y. 2017). I exercised my discretion to reach the constitutional issue because, *inter alia*, the government conceded in *Caplash* that the petitioner likely had a protected interest in the adjudication of an I-130 petition, the government declined to appeal the adverse decision in *Caplash*, and the consent decree entered in *Stokes v. INS*, No. 74-CV-1022 (CLB) (S.D.N.Y. Nov. 10, 1976), already stipulates that the New York District Office of USCIS will maintain certain procedural due process standards when adjudicating I-130 spouse petitions. *Mamedov III*, 2023 WL 2652266, at *5 n.4.

Defendants timely moved for reconsideration, urging me to alter my conclusion that plaintiffs have a protected interest in the grant of an I-130 petition either by finding that they do not have such an interest, or by declining to reach the question. Mem. of L. in Support Mot. for Partial Reconsideration ("Defs.' Mot."), ECF No. 50.

## LEGAL STANDARD

The standard for granting a motion for reconsideration is "strict" and will generally be granted only when "the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Other grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

## DISCUSSION

First, it will be helpful to review the holdings of the two cases at issue. The Ninth Circuit summarized its protected-interest holding in *Ching v. Mayorkas* as follows:

> In sum, grant of an I-130 petition for immediate relative status is a nondiscretionary decision. Immediate relative status for an alien spouse is a right to which citizen applicants are entitled as long as the petitioner and spouse beneficiary meet the statutory and regulatory requirements for eligibility. This protected interest is entitled to the protections of due process.

725 F.3d at 1156. In *Caplash v. Johnson*, Judge Wolford held that: "a constitutionally protected property interest attaches to 8 U.S.C. § 1154(b), and, by extension, to the adjudication of Plaintiff's Form I-130 petition." 230 F. Supp. 3d at 139.

Defendants urge that I misstated the holding of *Caplash* and erroneously held that petitioners have a protected interest in the *grant* of an I-130 petition as opposed to a protected interest in the mere *adjudication* of an I-130 petition. Given this assertion, I ordered supplemental briefing on the legal and practical difference, if any, between the adjudication of an I-130 petition and the grant of an I-130 petition for protected-interest purposes. Dkt. Order, Apr. 13, 2023.

In their supplemental letter brief, defendants attempt to drive a bus through the narrow gap in the language of these two decisions, arguing that there is a "significant difference, both legally and practically, between the *adjudication* of an I-130 and the *grant* of an I-130." Defs.' Suppl.

4

Letter Br. 1, ECF No. 52. However, even with the benefit of supplemental briefing, defendants have failed to clearly or concisely explain what the purported difference is. (The practice of italicizing every instance of "adjudication" and "grant," *see generally id.*, makes the purported distinction no clearer.) Defendants come closest to establishing a firm position when they state: "Significantly, *Caplash* did not order USCIS to *grant* the petition." *Id.* at 2.

I agree that there is a difference between a right requiring the grant of an entitlement and one that requires the fair adjudication of an application for an entitlement. But taking my holding to mean that plaintiffs were entitled to the grant of their I-130 petition reflects a significant misunderstanding of the scope of the decision. The opinion did not hold that plaintiffs enjoy a right to the grant of an I-130 petition; it says that plaintiffs have a *protected interest* in the grant of an I-130 petition. To put it another way: the protected-interest analysis asks whether a specific entitlement—here, the grant of an I-130 petition—depends on an exercise of discretion or whether approval is mandatory for those who meet the requirements. *See Hernandez v. Sessions*, 884 F.3d 107, 112 (2d Cir. 2018). Procedural due process protections may be required where "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 59 (2d Cir. 1985).

Joining the few other courts that have directly addressed this particular issue, I held that because the grant of a qualifying I-130 petition is a nondiscretionary decision, petitioners are entitled to the protections of procedural due process when their claims are adjudicated. Whether the protected interest is described as attaching to the grant of the petition or the adjudication of the petition, the practical effect is the same. A property interest in a government entitlement activates certain procedural due process protections that apply to the adjudicatory process. *See Bd. of*

5

*Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). And indeed, I explicitly clarified that plaintiffs do not have a *substantive* right to the approval of an I-130 petition. *Mamedov III*, 2023 WL 2652266, at *5.

I am more sympathetic to defendants' argument that I should not have reached the constitutional question given my second holding that plaintiffs failed to state a claim that their procedural due process rights were violated. Defendants explain that my decision "has the potential to impact USCIS's operations significantly and detrimentally by, at the least, greatly increasing the annual number of adjudicatory proceedings that USCIS is required to conduct beyond those that USCIS is already required to conduct pursuant to the consent decree entered in *Stokes v. INS*." Defs.' Suppl. Letter Br. 3. I am skeptical that is true. Contrary to defendants' assertions, my holding was explicitly limited to "noncitizen spouse" petitions, *Mamedov III*, 2023 WL 2652266, at *6, and therefore does not "appl[y] broadly to all I-130 petitions," Defs.' Suppl. Letter Br. 3. Defendants also suggest that my opinion could require *Stokes*-like proceedings nationally, but I see no reason why it would apply beyond the Eastern District of New York, an area already covered by the *Stokes* decree. (If USCIS were to understand my opinion as a national decree, any impact presumably would have been preempted by a nationwide application of the Ninth Circuit's holding in *Ching v. Mayorkas*, which preceded my decision by approximately a decade.)

All that said, given defendants' apparent confusion and to avoid potential injustice caused by a detrimental impact on USCIS's operations, I will grant in part defendants' motion for reconsideration. I decline to hold that procedural due process protections do not apply to the adjudication of noncitizen spouse I-130 petitions, but I will amend the opinion to assume without deciding that plaintiffs have a protected interest in the grant of their I-130 petition.

## CONCLUSION

Defendants' motion for partial reconsideration is granted in part. My prior opinion on defendants' motion to dismiss is vacated. An amended opinion will issue shortly.

SO ORDERED.

>  /s/
>  Allyne R. Ross
>  United States District Judge

Dated:      September 1, 2023
            Brooklyn, New York